UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN M. JOHNSON,

    Plaintiff,

v.

CAROLYN W. COLVIN,

    Defendant.

CASE NO. C15-5905JLR

ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

## I. INTRODUCTION

Plaintiff Susan M. Johnson seeks review of the denial of her application for disability insurance and supplemental security income ("SSI") benefits. Ms. Johnson contends that the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence, in finding that her job as a cashier was past relevant work at step four of the sequential evaluation process, and in finding her capable of other work at step five based on a residual functional capacity ("RFC") that did not include all of her limitations. (Op. Br. (Dkt. # 16) at 1.) As discussed below, the court REVERSES Defendant Commissioner Carolyn W. Colvin's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER - 1

## II.  BACKGROUND

On January 13, 2012, Ms. Johnson filed applications for disability insurance and SSI benefits, alleging disability as of October 3, 2011. (Administrative Record ("AR") (Dkt. # 8) at 11.) Ms. Johnson's applications were denied initially and on reconsideration. (*Id.*) After the ALJ conducted a hearing on February 13, 2014, the ALJ issued a decision finding Ms. Johnson not disabled. (AR at 11-23.)

The ALJ utilized the five-step disability evaluation process,[1] and the court summarizes her findings as follows:

**Step one**:  Ms. Johnson has not engaged in substantial gainful activity since October 3, 2011, the alleged onset date.

**Step two**:  Ms. Johnson has the following severe impairments: degenerative disc disease, knee strain/sprain with possible small meniscal tear, and affective disorders.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual functional capacity**:  Ms. Johnson can perform less than the full range of light work with the following additional limitations. She can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand or walk about six hours, and sit about six hours in an eight-hour workday with normal breaks. She can occasionally climb ladders, ropes, and scaffolds and can frequently stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to extreme cold, excessive vibration, and workplace hazards such as dangerous machinery and unprotected heights. Her work is limited to simple tasks not to exceed SVP 2 or familiar and well-learned tasks.

**Step four**:  Ms. Johnson is capable of performing the past relevant work of Cashier II. This work does not require the performance of work-related activities

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

precluded by her RFC, so Ms. Johnson is not disabled.

**Step five**: Alternatively, there are jobs that exist in significant numbers in the national economy that Ms. Johnson can perform. Therefore, she is not disabled.

(*See* AR at 13-23.) The Appeals Council denied Ms. Johnson's request for review, making the ALJ's decision the Commissioner's final decision.[3] (*See* AR at 1-6.)

### III. ANALYSIS

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**A. Evaluation of the Medical Evidence**

Ms. Johnson argues that the ALJ erred by failing to provide a specific and legitimate reason for discounting the opinion of examining physician Mark Heilbrunn, M.D. (*See* Op. Br. at 6-7.) The court agrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

---

[3] The court omits the rest of the procedural history because it is not relevant to the outcome of the case.

ORDER - 3

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

Dr. Heilbrunn evaluated Ms. Johnson on May 9, 2012. (*See* AR at 377-81.) The ALJ generally gave significant weight to Dr. Heilbrunn's opinion. (*See* AR at 19.) Dr. Heilbrunn found that Ms. Johnson had several physical limitations, including that she could sit for a maximum of five hours in an eight-hour workday. (*See* AR at 381.) However, the ALJ assessed Ms. Johnson with an RFC that allowed her to sit for six hours in an eight-hour workday. (*See* AR at 16.) The ALJ gave no reason for discrediting this part of Dr. Heilbrunn's opinion. (*See* AR at 19.) The ALJ must explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

ORDER - 4

...

The Commissioner also fails to address this inconsistency in her response brief. (*See generally* Resp. Br. (Dkt. # 17).) Instead, the Commissioner broadly argues that the ALJ reasonably gave greater weight to the less restrictive findings of non-examining state agency consultant Gordon Hale, M.D. (*See id.* at 3-6.) However, an examining physician's opinion is entitled to greater weight than the opinion of a non-examining physician. *Lester*, 81 F.3d at 831. By failing to provide any reason why Dr. Heilbrunn's opinion should be rejected in favor of Dr. Hale's opinion, the ALJ erred.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

If the ALJ had fully credited the opinion of Dr. Heilbrunn, the RFC would have included a limitation to five hours of sitting, as would the hypothetical questions posed to the vocational expert. Both of the hypothetical questions posed to the vocational expert that led to the ALJ's alternate step-five finding included a less restrictive limitation of six hours of sitting per workday. (*See* AR at 56-58.) Based in part on this testimony, the ALJ found that Ms. Johnson could perform jobs that fall under the category of light work. (*See* AR at 22.) Light work can involve "sitting most of the time." *See* 20 C.F.R.

ORDER - 5

§ 404.1567(b). Although the vocational expert testified that the jobs listed in the step-five finding could be performed with a limitation of six hours of sitting (*see* AR at 56-58), the court cannot determine if the same jobs could be performed with a limitation to five hours of sitting. Therefore, because the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an incomplete hypothetical question, this error affected the ultimate disability determination and is not harmless.[4]

### B. The ALJ's Step-Four Finding

Ms. Johnson argues that the ALJ erred in finding that her work as a cashier was past relevant work because her performance of the job never rose to the level of substantial gainful activity. (*See* Op. Br. at 4-6.) The Commissioner concedes that the ALJ erred here but argues that the error was harmless because the ALJ made an alternative finding that Ms. Johnson could perform other work at step five and was therefore not disabled. (*See* Resp. Br. at 7-8.) However, as described above, the RFC and resulting step-five finding were in error, so the error at step four was not harmless. *See infra* § III.A.

### C. Remand for Further Proceedings

The court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when

---

[4] Ms. Johnson also argues that the vocational expert's response to one hypothetical, which included a sit-stand option, conflicts with the Dictionary of Occupational Titles. (*See* Op. Br. at 7-10.) Because the RFC and subsequent step-five finding are deficient regardless, the court need not address this alleged inconsistency.

ORDER - 6

the court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is in "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy" that "remand for an immediate award of benefits is appropriate." *Id*.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  Here, issues remain regarding conflicts in the medical evidence, Ms. Johnson's functional capabilities, and her ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations.  Accordingly, the court concludes that remand for further consideration is warranted.

## IV.  CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings under sentence

ORDER - 7

four of 42 U.S.C. § 405(g).

DATED this 11th day of May, 2016.

JAMES L. ROBART  
United States District Judge

ORDER - 8